UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL INGRAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:14-cv-0777** |
| **GLOBAL HAWK INSURANCE COMPANY;**<br>**MARGARITA ROSAS D/B/A RM XPRESS;**<br>**ERIK BELTRAN AND LIBERTY MUTUAL**<br>**INSURANCE COMPANY** | **SECTION: "C" (5)** |

## ORDER AND REASONS[1]

Before this Court is the plaintiff's, Michael Ingram's, motion to remand his Petition for Damages to state court. Rec. Doc. 8. Defendants opposing this motion are Global Hawk Insurance Company ("Global Hawk"), Margarita Rosas d/b/a RM Xpress ("Margarita Rosas"), C. J. Hester, Inc., George Hills Company Inc. ("George Hills, Inc."), Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and Property Damage Appraisers, Inc. Rec. Doc. 9. Defendants have also filed a motion for leave of Court to file amended notice of removal, in the event that the Court finds that the plaintiff's motion to remand "has merit." Rec. Doc. 10 at 1. Plaintiff opposes the motion. Having considered the record, the memoranda of counsel and the law, the Court hereby GRANTS plaintiff's motion to remand and DENIES defendant's motion for leave to file amended notice of removal.

## I. BACKGROUND

The plaintiff's claim for damages arises out of a car accident that occurred in New Orleans on December 21, 2012. Rec. Doc. 8-1 at 1. Plaintiff initially filed suit on April 12, 2013 in state court. *Id.* Plaintiff later filed a Supplemental and Amending Petition for Damages on December 31,

---

[1] William Simoneaux, a second-year student at New York University School of Law, assisted in the preparation of this Order and Reasons

1

2013, naming additional defendants. Rec. Doc. 9 at 2. Plaintiff's amended Petition did not specify the amount of damages sought but did aver that damages claimed exceeded the $50,000 required for jury trial in Louisiana state court. Rec. Doc. 8-1 at 2, 5 (citing La. CCP 1732). On June 10, 2013 and again on January 31, 2014, Defendants Global Hawk et al. allegedly sought requests for admission by plaintiff that the amount of damages claimed in the suit would or would not exceed $75,000. Rec Doc. 9-1 Exs. "B" & "D." Plaintiff did not respond either time, and disputes the "proper service and/or receipt of defendant's requests for admission . . . ." Rec. Doc. 19 at 2, nn. 1-2. Plaintiff on March 6, 2014 issued to defendant George Hills, Inc. requests for admission that the defendant valued plaintiff's claims at greater than $75,000. Rec. Doc. 9-1 Ex. "E." Defendants claim that these requests served as their "first notice" that plaintiff's "claims exceeded the amount in controversy required for diversity jurisdiction." Rec. Doc. 9 at 3. Defendants subsequently filed a notice of removal on April 4, 2014. *Id.* Defendant George Hills, Inc. allegedly has not responded to plaintiff's request for admission. Rec. Doc. 19 at 2.

     Plaintiff claims that defendants have failed to prove the conditions required for diversity jurisdiction: complete diversity and an amount in controversy exceeding $75,000. Rec. Doc. 8-1 at 6-10. Defendants, in their opposition to remand, assert that plaintiff's request for admission regarding the amount in controversy establishes "by a preponderance of evidence, that the amount in controversy exceeds $75,000 . . . ." *Id.* at 4. They argue that the plaintiff failed to prevent removal by failing "to stipulate that his claims do not exceed $75,000 . . . ." *Id.* Defendants also contend that, in the event that the Court finds fault with their notice of removal, they should be allowed to amend per 28 U.S.C. § 1653 (2012). Their amended notice of removal reasserts that plaintiff's request for admission constitutes both notice and proof that the amount in controversy

exceeds $75,000. Rec. Doc. 10-3. Plaintiff challenges defendant's ability to amend the notice of removal and contends that his requests for admission are "proof of nothing." Rec. Doc. 19 at 1.

## II. STANDARD OF REVIEW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332(a)(1) (2012). The Court considers jurisdictional facts as they exist "at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The defendants, the removing parties, "bear the burden of showing that federal jurisdiction exists" *De Aguilar v. Boeing Co.* 47 F.3d 1404, 1408 (5th Cir. 1995). All "defendants who are properly joined and served must join in the removal petition . . . ." *Getty Oil Corp.*, *a Div. of Texaco, Inc. v. Ins. Co. of N. America,* 841 F.2d 1255, 1262 (5th Cir. 1988).

There must be complete diversity between the plaintiff and all of the defendants. *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L.Ed. 435 (1806). Corporations are considered citizens of any state in which they are incorporated and where their "principal place of business" is located. 28 U.S.C. § 1332(c)(1) (2012). A court "may look to any record evidence" to determine the citizenship of the parties. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The citizenship of natural persons is determined by where they are domiciled. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) *cert*. *denied,* 419 U.S. 842 (1974). A court may look to a number of factors to determine a person's domicile, including places where the party "pays taxes, owns real and personal property, has driver's and other licenses . . . [and] has places of business or employment . . . ." *Coury*, F.3d at 251. "No single factor is determinative." *Id.*

3

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages" defendants bear the burden of proof of the amount in controversy. *Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 882 (5th Cir. 2000) (internal citations omitted). When the plaintiff has not pleaded a specific damages amount, the removing defendant(s) must show that plaintiff's claims satisfy the amount in controversy requirement by a "preponderance of the evidence . . . ." *De Aguilar*, 47 F.3d., at 1411. The defendant has the option of showing either that it is " 'facially apparent' that [plaintiff's] claims probably exceed $75,000" or that "facts in controversy in the removal petition or an accompanying affidavit" establish the amount in controversy. *Felton v. Greyhound Lines, Inc.* 324 F.3d 771, 773-74 (2003) (citation omitted). If the defendant fails to prove the amount in controversy exceeds $75,000, (and the Court does not independently find a basis for jurisdiction) remand is proper. *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC)* v. *Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566, n. 9 (5th Cir. 1993) *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Courts may grant defendants the opportunity to "cure defective allegations of jurisdiction… including the failure to specifically allege the citizenship of parties." *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (citations omitted). Moreover, "a party shall be allowed to amend . . . where diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) (citations and quotation marks omitted).

### III. LAW AND ANALYSIS

A. Technical defects.

At the outset, plaintiff has cited a number of technical defects in defendants' notice of removal that he claims require remand of the petition back to state court. In particular he claims that defendants' original notice of removal was not timely filed, not unanimously joined, and failed to prove the basis for subject matter jurisdiction (diversity and amount in controversy). Rec. Doc. 8 at 1-2. In opposition to the motion to remand, defendants have contested that removal was timely,[2] that all defendants have consented[3] and are diverse,[4] and that the preponderance of the evidence

---

[2] Plaintiff contends that defendants' notice of removal was untimely because it was filed "well more than thirty (30) days after receipt of the amended pleading . . . ." Rec. Doc. 8-1 at 5. Information received after the "initial pleading" regarding the amount in controversy may constitute "other paper" making the case removable. 28 U.S.C § 1446(a)(3), (c)(3)(A). The thirty day time limit for removal in § 1446 starts running upon receipt of an amended pleading only when it is "unequivocally clear and certain" that the information supports removal. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). Plaintiff's amended pleading did not specify a damages amount, and therefore did not start the time limit running. Rec. Doc. 6-16. Defendants argue that plaintiff's requests for admissions were the "first notice that Defendants had that Plaintiff's claims exceeded the amount in controversy" leading them to remove "on April 4, 2014, within 30 days of receipt of Plaintiff's Requests for Admission." Rec. Doc. 9 at 3. Inasmuch as it is based on an "other paper" per § 1446(2)(B), defendants' removal was timely.

[3] Liberty Mutual and Property Damage Appraisers "filed no written document joining in removal." *Id.* at 6. Defendants must show "some timely filed written indication" of consent to removal. *Getty Oil Corp.*, 841 F.2d at 1262 n. 11. Liberty Mutual and Property Damage Appraisers arguably consented to removal by opposing plaintiff's motion to remand. Rec. Doc. 9 at 6. However, insofar as plaintiff's requests for admission would constitute "other paper" making the case removable, such consent to removal was untimely. Defendants filed their opposition to remand on May 27th 2014, well over thirty days after March 6th, the day they claim they received the "other paper" making the case removable. Rec. Doc. 9 at 2. "[I]f written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the case must be remanded." *Alford v. Chevron U.S.A. Inc.*, Civ. No. 13-5457, WL 37600, *3 (E.D. La. Jan. 6, 2014) (citing *Ortiz v. Young,* 431 F. App'x 306, 307 (5th Cir.2011)). An amendment of procedural defects in removal on the basis of § 1653 after the removal period has elapsed would not be proper. *Alford* 2014 WL 37600, at *6 (citations omitted) ("Section 1653 may not be used to cure defects of the removal, such as the failure to obtain consent of a codefendant or the failure to explain why such consent was unnecessary."). Defendants' amended notice of removal therefore cannot remedy this defect.

[4] Given that plaintiff's challenges to the diversity of the defendants indict only the specificity of defendants' initial allegations, defendants answer most of plaintiff's challenges successfully by more specifically alleging citizenship supported by evidence. Defendants allege that Liberty Mutual

shows that the amount in controversy has exceeded $75,000. Rec. Doc. 9 at 3-6. The Court need not resolve this motion on the basis of technical defects in the removal petition because it is clear that defendants have failed to show that the amount in controversy meets or exceeds the jurisdictional minimum. This failure supersedes any technical defect in the removal notice, *see In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992) ("all removal defects are waivable except for lack of original subject matter jurisdiction"), and further is not remedied in the defendants' proposed amended/supplemental notice of removal.

B. Defendants' have not proved amount in controversy by a preponderance of the evidence.

Defendants offer no support in their notice of removal for their assertion that the amount in controversy in this case exceeds $75,000. Rec. Doc. 1 at 19-20. "Removal . . . cannot be based simply upon conclusory allegations." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 567 (9th Cir. 2002) (emphasis omitted) (holding that defendant's failure to show "the underlying facts supporting its assertion that the amount in controversy exceeds" the jurisdictional minimum justified remand)). Such support ought to appear "in the removal petition" itself. *Gaus* 980 F.2d at 567. Thus defendants' ability to remove is contingent on their meeting their evidentiary burden in their amended removal petition, which they fail to do.

---

is a corporation incorporated in the State of Massachusetts and having its principal place of business there. Rec. Doc. 9 at 5. Defendants allege that Property Damage Appraisers, Inc. is incorporated in Texas and has its principal place of business there. *Id.* Defendants allege that Margarita Rosas and Erik Beltran are citizens of the State of Texas. *Id.* Defendants allege that George Hills, Inc. and C. J. Hester, Inc. are corporations incorporated in and having their principal places of businesses in the States of California and Alabama, respectively. *Id.*

C. Defendants should not be granted leave to amend because their amendment does not meet their evidentiary burden regarding the amount in controversy.[5]

Defendants request leave to amend their notice of removal because it will "not allege any new bases for jurisdiction . . . ." Rec. Doc. 10-1 at 2. Defendants cite *Menendez* for the proposition that 28 U.S.C. § 1653 "should be liberally construed" in favor of allowing amendments. 264 F. App'x at 66. However, the Fifth Circuit held in that case that "plaintiffs waived their objections to the sufficiency of the notice of removal because they failed to file a proper motion to remand . . . ." *Id.* at 66. As the plaintiff points out, that is not the case here. Rec. Doc. 17 at 1. Rather, plaintiff contests that diversity jurisdiction never existed. *See supra* Part I. Therefore, defendants' amendment must actually show the basis for diversity jurisdiction. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 ("While a district court can remedy inadequate jurisdictional allegations, it cannot remedy defective jurisdictional facts.") (citations and quotation marks omitted).

Defendants' amended notice of removal cites plaintiff's requests for admission as the only evidence that the amount in controversy exceeds $75,000: "Based upon the facts which Plaintiff asks that Defendant admit, it is clear that the damages claimed . . . exceed the sum of $75,000, exclusive of interest and costs."[6] Rec. Doc. 10-3 at 5. The defendants attempt to justify

---

[5] The proposed amended notice of removal also fails to show the diversity of at least one defendant. Defendants allege that Global Hawk is a corporation incorporated and "domiciled" in the state of Vermont but do not allege where its principal place of business resides. *See* Rec. Doc. 10-3 at 5. A corporation's principal place of business must be alleged along with its state of incorporation. *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). This Court is not permitted to infer based on evidence that Global Hawk does have its principal place of business in Vermont. *See Id.* at 636 ("[T]he basis upon which jurisdiction depends . . . cannot be established argumentatively or by mere inference.") (footnote and quotation marks omitted).

[6] In their opposition to remand defendants focus only on plaintiff's seventh and eighth requests for admission. However, plaintiff's second request for admission asks "Please admit that Michael

7

this evidence as sufficient to show the amount in controversy in their opposition to remand. They contend that plaintiff's March 6, 2014 requests for admission establish "by a preponderance of evidence" that the amount in controversy is greater than $75,000. Rec. Doc. 9 at 4. Defendants seem to be suggesting that plaintiff's requests indicate an intent to seek more than the jurisdictional amount. However, the language of plaintiff's requests for admission does not evidence how much *he* believes his claims to be worth. They read: "Please admit that you have valued the unresolved portion of the . . . claim(s) of Michael Ingram . . . as being greater than $75,000." Rec. Doc. 10-7 Ex. D. Plaintiff asked only what amount defendant George Hills valued his claims at. Plaintiff claims that this request "was intended to elicit the response that the claims adjuster had valued the claim well below $75,000." Rec. Doc. 19 at 2.

At best, it is unclear whether plaintiff sought to establish or deny that the amount in controversy exceeded the jurisdictional minimum via his requests for admission. "An uncertainty or contingency concerning the amount of damages does not satisfy the defendant's burden of proving the amount in controversy." *Stampley v. Fred's Dollar Store of Mississippi, Inc.*, No. 5:07-cv-153(JMR) 2008 WL 480002, *3 (S.D. Miss. Feb. 16, 2008) (citing *Amiss v. Lowe's Companies, Inc.,* Civ. No. 07-1696 2007 WL 2174593, *2 (E.D.La. July 26, 2007) (granting a motion to remand because the possibility that plaintiff might undergo elective surgery was "far too speculative to satisfy Defendant's burden on removal."). Thus, defendants cannot satisfy their burden of proving jurisdictional amount by a preponderance the evidence by relying on plaintiff's requests for admission.

---

Ingram was not paid the full amount of the rental car expenses in the rental bills he submitted for payment in connection with his claim(s) . . . ." Rec. Doc. 10-7. Ex. "D." There is no suggestion by defendants that these "rental car expenses" are evidence of the amount in controversy. Since these expenses are for an unspecified amount, they add little weight to the credibility defendants' allegations concerning amount in controversy.

Defendants also note that Plaintiff "failed to stipulate that his claims do not exceed $75,000, failed to respond to both sets of Defendants' Request for Admission, [and] failed to state in his Petition whether or not his claims exceeded the jurisdictional amount required for diversity jurisdiction . . . ." Rec. Doc. 9 at 4. Defendants cite *Obioha v. American Sec. Ins. Co.*, Civ. No. 13-6164 2014 WL 906541 (E.D. La. 2014) in support of the proposition that "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar*, 47 F.3d, at 1412. This portion of the *Obioha* decision simply noted that a binding stipulation regarding damages filed by a plaintiff post-removal will not be considered. 2014 WL 906541 at *2. However, plaintiff's failure to file such a stipulation (or otherwise admit that the amount in controversy is lower than the jurisdictional minimum) does not alleviate defendants' burden of proof. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

Finally, defendants have not alleged any of the specific facts that are usually found sufficient to prove the minimum jurisdictional amount by a preponderance of the evidence. *See, e.g.*, *Felton* 324 F.3d at 774 (holding that facts regarding plaintiff's injuries and medical bills supported subject matter jurisdiction); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) (holding that defendant met its evidentiary burden by alleging that "the aggregate attorney's fees for the putative class would likely exceed $75,000); *Allen*, 63 F.3d at 1336 (finding that "common sense" demonstrated that "the total claim for punitive damages" in a case involving "three companies, 512 plaintiffs, and a wide variety of harm allegedly caused" would exceed the jurisdictional amount); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (reasoning that the citation of precedent for large damages amounts in similar cases and evidence that the plaintiffs' had previously claimed $5 million "in other forums for the same injuries"

9

showed that the amount in controversy was met). In short, defendants have failed to produce any of the "underlying facts" that would ordinarily justify removal. *Gaus* 980 F.2d at 567.

When such evidence has not been produced, defendants have not met their burden to prove jurisdiction by a preponderance of the evidence. *See Simon*, 193 F.3d at 851. After a consideration of all the evidence presented by both parties, whether the amount in controversy exceeds the jurisdictional minimum remains ambiguous. Remand, therefore, is appropriate. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

Accordingly,

IT IS ORDERED that plaintiff's Motion to Remand is hereby GRANTED. Rec Doc. 8. Defendants' Motion for Leave to Amend Notice of Removal is hereby DENIED. Rec. Doc. 10.

New Orleans, Louisiana this 16th day of June, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**